**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————

**No. 05-4346**

—————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANTONIO CARDELL BOYCE,

Defendant - Appellant.

—————

**No. 05-4347**

—————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DEMITRIUS COLEMAN,

Defendant - Appellant.

—————

Appeals from the United States District Court for the District of South Carolina, at Florence. Terry L. Wooten, District Judge. (CR-04-482-4)

—————

Submitted: March 29, 2006          Decided: April 19, 2006

—————

Before TRAXLER and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Kathy Price Elmore, ORR, ELMORE & ERVIN, LLC, Florence, South Carolina; D. Craig Brown, LAW OFFICE OF D. CRAIG BROWN, P.C., Florence, South Carolina, for Appellants. Rose Mary Parham, Assistant United States Attorney, Florence, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Antonio Cardell Boyce and Demitrius Coleman appeal the district court's judgment entered pursuant to their guilty pleas for using and carrying a firearm during a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2 (2000). Boyce and Coleman's attorneys have filed a joint brief in accordance with Anders v. California, 386 U.S. 738 (1967), certifying there are no meritorious issues for appeal. The Appellants have been notified of their right to file pro se supplemental briefs but have not done so. Finding no reversible error, we affirm.

After the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), a sentencing court is no longer bound by the range prescribed by the sentencing guidelines. See United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). However, in determining a sentence post-Booker, sentencing courts are still required to calculate and consider the guideline range prescribed thereby as well as the factors set forth in 18 U.S.C. § 3553(a) (2000). Id. As stated in Hughes, this court will affirm a post-Booker sentence if it is both reasonable and within the statutorily prescribed range. Id. at 546-47.

Boyce and Coleman claim that the district court erred by not calculating their sentencing guideline range. They each pled guilty to two counts of using and carrying a firearm during a crime of violence; one count required a statutory minimum sentence of

- 3 -

seven years, and the other required a consecutive statutory minimum of twenty-five years.  See 18 U.S.C. §§ 924(c)(1)(A)(ii).  The district court did not calculate a sentencing guideline range and instead selected the mandatory minimum sentence.  Coleman accordingly received a sentence of thirty-two years' imprisonment.  As to Boyce, the district court granted the Government's downward departure motion for substantial assistance and sentenced him to 26.5 years' imprisonment.

The district court erred when it did not calculate the sentencing guideline range.  See United States v. Moreland, 437 F.3d 424, 433 (4th Cir. 2006) (The district court "must correctly determine . . . the applicable guideline range.").  However, Boyce and Coleman suffered no prejudice because they received the statutory minimum sentence.  See United States v. Robinson, 404 F.3d 850, 862 (4th Cir. 2005).  Accordingly, we find no reversible error.

The Appellants also claim they should have received an adjustment for acceptance of responsibility, but because the district court sentenced them to the statutory minimum it could not depart below that statutory minimum except upon motion by the Government on the basis of substantial assistance.  See 18 U.S.C. § 3553(e) (2000); Robinson, 404 F.3d at 862.

Pursuant to Anders, we have examined the entire record and find no meritorious issues for appeal.  Accordingly, we affirm

- 4 -

Boyce and Coleman's sentences and convictions.  This court requires that counsel inform their clients, in writing, of their right to petition the Supreme Court of the United States for further review. If the clients request that a petition be filed, but counsel believe that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client(s).  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>